## THE PEOPLE v. RODRÍGUEZ.

APPEAL from the District Court of Ponce.

MOTION of *fiscal* to dismiss appeal.

No. 494.—Decided December 20, 1912.

Appeal dismissed on motion of *fiscal*.
Mr. *Charles E. Foote, fiscal,* for The People.
The respondent did not appear.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

What is called the motion for dismissal of this case is a substantial copy of the one in Nos. 490 and 491. The *fiscal* says that he dismisses the appeal interposed against the order of the District Court of Ponce made on August 16, 1912, ordering the registration of a peremptory verdict of acquittal in favor of the accused, who is the respondent herein, Jesús Rodríguez. In the above-entitled cause, the same preliminary remarks made as to the proper method of dismissing the appeals taken in criminal cases and presented to this court will apply in this case as were made in Nos. 490 and 491.

The offense charged herein is denominated "Extortion." It is really blackmail, and consists in sending a threatening letter demanding $10 from the injured person, on default of which a threat was made to burn the house of the addressee.

The principal witnesses for The People were the sister and brother-in-law of the accused, and they clearly perjured themselves in their testimony given on the trial and should have been fined for contempt. The man to whom the letter was addressed had died before the trial, so the evidence was reduced to a minimum, and was, in all probability, not sufficient to support a conviction. If the *fiscal* had made a statement in his motion setting forth these things, or the substance of them, then his motion to dismiss the appeal, if he had made one, might have been granted. But verdicts of acquittal should not be directed by the trial court, except in the very plainest cases. Juries are called to decide upon the facts in criminal cases, and the facts should be submitted to them under proper instructions as to the law, and they

should be left to pass their judgment on the truth or falsity of the testimony given before them. Although I should have favored a dismissal of this appeal, if a proper motion had been made asking the court to do so, still, under the form of the dismissal paper presented by the *fiscal,* I cannot agree to the order entered.